## Gregory v. Martyak

Plaintiff instituted the instant medical malpractice action by complaint filed July 13, 1977. On October 28, 1977, defendant Kapish filed preliminary objections averring that, as an employe of the Commonwealth, she was insulated from liability for acts performed within the scope of her employment by the doctrine of official immunity. On September 1, 1978, we issued an opinion sustaining her position and dismissing plaintiff's cause of action against her. Plaintiff then filed a petition for review addressed to the Commonwealth Court on September 22, 1978.

On October 5, 1978, the Supreme Court decided DuBree v. Commonwealth, 481 Pa. 540, 393 A. 2d 293 (1978), a case which made substantial changes

in the law of official immunity. On November 16, 1979, the Commonwealth Court remanded the instant action to this office for reconsideration in light of DuBree. In addition, we shall at this time reconsider our order dated March 7, 1979, in which we denied a motion for summary judgment which raised the bar of official immunity as to defendant Martyak.

In DuBree, the Supreme Court concluded that the liability of individual defendants should not be analyzed solely on the basis of their status as Commonwealth employes, and made the following observations:

"In order to discharge his duties effectively, a public servant must be free to exercise his judgment unhampered by the fear of unpredictable liability. Where the nature of the servant's decision or action in question is such that it may not be measured against a predictable standard of care, the possibility of litigation may tend to discourage the making of clear choices. It is in the public interest to avoid such a chilling effect upon the servant's performance of his duties. Where, on the other hand, a standard of care may be defined and applied with relative ease, the public servant is not similarly deterred and the public interest in the protection of the official weakens. Also relevant to the strength of the public interest is the potential impact of the challenged decision or action upon the public as a whole or upon a large segment of it, The greater or more pervasive this impact, the stronger becomes the public interest in insuring unfettered decisionmaking. . . .

"Where, but for the defendant's status, a right of action would lie under analogous rules of law, and no public policy would be promoted in shielding a defendant from liability, and the plaintiff has not

failed to pursue existing remedies, denial of the possibility of recovery is unjustified." DuBree, supra, 393 A. 2d at 295 and 296.

The Commonwealth Court interpreted DuBree as setting forth a test to be applied on a case by case basis where official immunity is claimed, and described it as follows:

"[T]he extent of the immunity to be accorded public officials should be decided on a case by case basis by consideration of whether public policy would be promoted in shielding the defendant from liability; whether the defendant's actions complained of could be measured against a predictable standard of care; whether, but for the defendant's status, a right of action would lie under analogous rules of law; and whether the plaintiff has improperly failed to avail himself of other available remedies." See Estate of Armstrong v. Pa. Bd. of Probation, _____ Pa. Commonwealth Ct. _____, 405 A. 2d 1099, 1101 (1979).

Applying the above test to the instant case, we note that the standards of care governing medical malpractice have long been established and are well defined: Incollingo v. Ewing, 444 Pa. 263, 282 A. 2d 206 (1971); Powell v. Risser, 375 Pa. 60, 99 A. 2d 454 (1953); Hodgson v. Bigelow, 335 Pa. 497, 7 A. 2d 338 (1939). Further, decisions made by state physicians and nurses in treating their patients have little, if any, effect upon the general public. Consequently, no public policy reasons exist to support a grant of official immunity. See DuBree, supra.

As to the remaining elements of the test, it is clear that, but for defendants' status as Commonwealth employes, a right of action would exist under applicable rules of law. Likewise, plaintiff has properly

availed herself of the appropriate remedy by filing a claim with this office, which has exclusive original jurisdiction over claims for medical malpractice. See §309 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.309.

Accordingly, we enter the following

## ORDER

And now, January 22, 1980, upon consideration of the foregoing opinion, it is hereby ordered and decreed that defendant Kapish's preliminary objections are overruled. It is further ordered and decreed that our order dated March 7, 1979 is affirmed.